**Affirmed and Memorandum Opinion filed March 7, 2024**



In The

# Fourteenth Court of Appeals

---

### NO. 14-23-00155-CR

---

## MICHAEL PADILLA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

---

**On Appeal from the County Criminal Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 2389240**

---

## MEMORANDUM OPINION

Appellant Michael Padilla was charged with misdemeanor assault. A jury convicted him in February 2023. *See* Tex. Penal Code Ann. §22.01(b). The trial court sentenced him to one year confinement in the county jail but suspended the sentence and placed him on community supervision for 18 months. Appellant on appeal asserts a single issue: the trial erred by admitting hearsay evidence through the excited utterance exception to the rule on hearsay. We affirm the judgment of the trial court.

## I. Background

Complainant testified that appellant assaulted him as he was driving home after dropping his children off at school. Appellant stopped his car in front of the complainant's car. Complainant testified appellant then got out of the car and walked over to complainant's car. Complainant said appellant opened the car door, pulled complainant out of the car and began punching him in the face with a closed fist. Appellant put complainant back in the car and continued to punch him. Complainant testified appellant then threatened to break complainant's legs because appellant believed complainant had sex with appellant's wife. Complainant testified appellant "took off" after making the threats. Complainant drove himself home. Harris County Constable Deputy Michael Jennings was dispatched to investigate the incident and arrived less than five to seven minutes later.

## II. Argument

On appeal, appellant argues the trial court erred when it allowed Jennings, over a hearsay objection, to testify about the conversation he had with complainant after Jennings arrived at the scene. *See* Tex R. Evid. 802. The following exchange about the testimony occurred at trial:

> **STATE**: And while [complainant] was upset, did he make any statements to you?
>
> **JENNINGS**: He said that he was involved in an altercation with someone that he knew. The altercation occurred down the street. The gentleman blocked his vehicle in after he dropped his kids off at school and he violently attacked him.
>
> **STATE**: Did he say any names of who was the person that attacked him?
>
> **JENNINGS**: He said his name was Michael.
>
> **DEFENSE**: Objection to the hearsay.

2

The State then argued Jennings' testimony fell under the excited utterance exception to the rule against hearsay. *See* Tex R. Evid. 803(2). The court overruled the objection. Appellant appealed, arguing the excited utterance exception to the rule against hearsay did not apply under these circumstances. In response, the State in its brief argues: (1) the appellant waived his hearsay objection; and (2) Jennings' testimony about his conversation with complainant falls under the excited utterance exception to the rule against hearsay. *See* Tex R. Evid. 802; Tex R. Evid. 803(2).

## A.    Standard of Review

We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Wilkinson v. State*, 523 S.W.3d 818, 824 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd). Accordingly, the admissibility of an out-of-court statement under the exceptions to the general hearsay exclusion rule is within the trial court's discretion. *Amador v. State,* 376 S.W.3d 339, 344 (Tex. App.—Houston [14th Dist.] 2012, pet. ref'd).  A trial court abuses its discretion if its decision is so clearly wrong as to lie outside the zone within which reasonable people might disagree. *Wilkinson,* 523 S.W.3d at 824.

## B. Analysis

Appellant asserts Jennings' testimony about his conversation with appellant after he arrived at the scene was hearsay and the trial court erred when it overruled the defense's objection to its admission. However, for the reasons explained below, we find: (1) appellant waived his hearsay objection; and (2) even if appellant did not waive his objection, the testimony was admissible under the excited utterance exception to the rule against hearsay. *See* Tex R. Evid. 803(2).

**1. Waiver**

A timely and specific objection is required to preserve error for appeal. *Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008). An objection should be made as soon as the ground for objection becomes apparent. *Lagrone v. State,* 942 S.W.2d 602, 618 (Tex. Crim. App. 1997). If a defendant fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely, and any claim of error is forfeited. *Luna*, 268 S.W.3d at 604.

Here, appellant objected on hearsay grounds after Jennings answered the question: "And while [complainant] was upset, did he make any statements to you?" This question makes apparent that hearsay may be at issue, because the question seeks to introduce statements made by someone other than the person testifying. *See Amador*, 376 S.W.3d at 344 ("Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."). Appellant waived his objection to hearsay because defense counsel objected to the question after it was asked and answered. However, even if appellant did not waive the hearsay objection, the trial court did not err in admitting Jennings' responses to questions regarding his conversation with complainant, as they fall under the excited utterance exception to the rule excluding hearsay.

**2. Hearsay**

Appellant asserts the trial court violated the Texas Rules of Evidence by admitting the statements under the excited utterance exception to the rule generally excluding hearsay. Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. *Amador v. State,* 376 S.W.3d at 344; Tex. R. Evid. Rule 801(d).

4

Hearsay is generally not admissible unless it fits one of the exceptions provided in the Texas Rules of Evidence or other rule or statute. *Amador v. State,* 376 S.W.3d at 344; Tex. R. Evid. Rule 802.

### Excited Utterance Exception

For the excited utterance exception to apply, three requirements must be shown: (1) the statement must be the product of a startling occurrence that produces a state of nervous excitement in the declarant and renders the utterance spontaneous, (2) the state of excitement must still so dominate the declarant's mind that there is no time or opportunity to contrive or misrepresent, and (3) the statement must relate to the circumstances of the occurrence preceding it. *Amador v. State*, 376 S.W.3d at 344.

The critical determination in regard to the excited utterance exception is whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event or condition at the time he or she made the statement. *Id.* We may consider the time elapsed between the event and the statement and whether the statement was in response to questioning, but these factors are not necessarily dispositive. *Id.* Ultimately, we must determine whether the statement was made under such circumstances as would reasonably show that it resulted from impulse rather than reason and reflection. *Id.*

Here, Jennings testified he spoke to complainant after appellant blocked his car and punched him repeatedly in the face. Specifically, Jennings testified that complainant appeared disheveled, his shirt had been torn off, and he was bleeding from the head, shoulders, and arms. Jennings described complainant as "agitated . . . uncomfortable, upset, and slightly angry." Due to the appellant's demeanor after the assault and the subject matter of the responses, complainant's statements to Jennings could fall under the excited utterance exception to the rule on hearsay.

***Startling occurrence*** The assault on complainant was a startling occurrence. *See Zuliani v. State,* 97 S.W.3d 589, 596 (Tex. Crim. App. 2003) (Finding an altercation resulting in a cut on the head is a startling occurrence). Further, Jennings' testimony indicates complainant was in a nervous or excited condition when they spoke after complainant was punched repeatedly in the face. In his testimony, Jennings described complainant's emotional state as consistent with "being attacked." He was acting like "a child was scared." Thus, the first requirement of an excited utterance is satisfied.

***No time to misrepresent*** Jennings' testimony indicated complainant's excited state still dominated his mind when they spoke. Jennings testified he arrived to speak with complainant between five and seven minutes after being dispatched. Though the record is unclear how much time elapsed between the assault and Jennings' conversation with complainant, Jennings' testimony indicates the state of excitement still dominated complainant's mind, as the volume of complainant's voice was "extremely high." Further Jennings testified that appellant "looked like he had just been in an altercation." Jennings observed blood on complainant's head, neck, and arms. *See Tyler v. State*, 167 S.W.3d 550, 555 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). (Finding no abuse of discretion for statement under the excited utterance hearsay exception when "it cannot be determined for certain how much time elapsed from the shooting to the making of the statements, it is clear. . .that it was not a lengthy period of time.")

Moreover, the Court of Criminal Appeals has held "it is not dispositive that the statement . . .was separated by a period of time from the startling event; these are simply factors to consider in determining whether the statement is admissible under the excited utterance hearsay exception." *Zuliani*, 97 S.W.3d at 596. The critical determination is "whether the declarant was still dominated by the emotions, excitement, fear, or pain of the event" or condition at the time of the

statement. *Id.* (quoting *McFarland v. State,* 845 S.W.2d 824, 846 (Tex. Crim. App. 1992). Here, Jennings testified complainant was "agitated" and seemed like he was feeling "fear and emotion and kind of uncomfortable, upset and slightly angry." He said complainant was "disheveled" and "complaining about the injuries he suffered." This testimony indicates that the excitement of the assault still dominated complainant's mind when he spoke with Jennings. Thus, the second requirement of an excited utterance is satisfied.

***Related to circumstances of occurrence*** Jennings testified complainant made several statements to him in his excited condition that related to the assault. Complainant told Jennings that "he had been assaulted by a known suspect that he knows by name and sight" as appellant. He testified that complainant said appellant confronted him and "started striking him with his fists multiple times sending him to the ground in front of his vehicle." Complainant's statements related to the incident that caused his excited state.

Thus, complainant's statements to Jennings after the assault were excited utterances and fall under an exception to the rule against hearsay. *See* Tex R. Evid. 802; *See* Tex R. Evid. 803(2).

## Harm

Moreover, even if the trial court erred by admitting Jennings' testimony about his conversation with complainant, the error was harmless.

The erroneous admission of testimony is non-constitutional error that must be disregarded unless it affects the defendant's substantial rights. *Flores v. State,* 513 S.W.3d 146, 162 (Tex. App.—Houston [14th Dist.] 2016, pet. ref'd); *see also* Tex. R. App. P. 44.2(b). We have determined that substantial rights are not affected by the erroneous admission of evidence "if the appellate court, after examining the record as a whole, has fair assurance that the error did not influence

the jury, or had but a slight effect." *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002) (quoting *Solomon v. State,* 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).

Here, appellant was not harmed by Jennings' testimony about his conversation with complainant because it related to the identity of the appellant, which was not in dispute. Appellant testified that complainant pushed him; he "defended" himself and left the scene. Further, appellant was not harmed by Jennings' testimony because it centered around who started the altercation. Jennings testified that complainant told him after he dropped his children off at school, appellant blocked his car, "confront[ed] him and started striking him with his fists multiple times."

"Similar statements to those recounted by" Jennings "were also testified to" by the complainant. *Amador*, 376 S.W.3d at 344-45. (Holding that even if a police officer's testimony about an out-of-court statement was inadmissible, it presented no harm because of significant other evidence.) "While the testimony. . .may potentially have carried more weight with the jury because he is a member of law enforcement, there was considerable other evidence of appellant's guilt." *Id.* at 345. Complainant testified appellant approached his car and asked him: "Hey dude, what's wrong with you?" Complainant then testified appellant began "punching me and punching me." Complainant testified that he was punched about 19 times. He said he did not fight back because appellant was his "best friend" and he "had no reason to fight back." "Considering all of the evidence presented, the out-of-court statements recounted by [the police officer] likely had little influence on the verdict." *Id.* Thus, there was no harm.

## CONCLUSION

Finding no error, we overrule appellant's sole issue on appeal and affirm the judgment of the trial court.

/s/ Jerry Zimmerer
   Justice

Panel consists of Chief Justice Christopher and Justices Zimmerer and Wilson.

Do Not Publish — Tex. R. App. P. 47.2(b).